Cynthia Z. Levin, Esq. (PA 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN VON HEGEL, JR.,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF THE PENNSYLVANIA FAIR** |
| vs. | ) **CREDIT EXTENSION** |
| | ) **UNIFORMITY ACT,** |
| **CAPITAL MANAGEMENT SERVICES, L.P.,** | ) **PENNSYLVANIA UNFAIR TRADE** |
| | ) **PRACTICES AND CONSUMER** |
| | ) **PROTECTION LAW, AND** |
| Defendant. | ) **FEDERAL FAIR DEBT** |
| _____ | ) **COLLECTION PRACTICES ACT** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law. Furthermore, Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, John Von Hegel, Jr. ("Plaintiff"), is a natural person residing in Pike county in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. At all relevant times herein, Defendant, Capital Management Services, L.P., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On average, Plaintiff received from Defendant, more than two collections calls per day, more than ten collections calls per week, and more than twenty collections calls per month in connection with an attempt to collect an alleged debt.

7. Defendant contacted Plaintiff at times and places that were known to be inconvenient and with such a frequency as to constitute harassment under the circumstances.

8. Plaintiff entered into a payment plan with Defendant, whereby Plaintiff will repay the alleged debt at approximately $57.00 per month.

9. Defendant falsely represented that Plaintiff never agreed to a payment plan, and requested that Plaintiff pay more on the alleged debt monthly despite having continued to debit Plaintiff's bank account pursuant to the approximately $57.00 per month agreement.

10. Defendant continued to harass Plaintiff with excessive calls despite debiting Plaintiff's account monthly, pursuant the agreed upon payment plan.

## COUNT I: VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

11. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

12. The Pennsylvania Fair Credit Extension Uniformity Act ("PaFCEUA") 73 P.S. § 2270.1 *et seq.* prohibits harassing and deceptive conduct by creditors while engaging in the practice of collecting a debt from consumers.

13. Section 2270.5 of the PaFCEUA allows consumers to recover damages against creditors who engage in unfair and deceptive debt collection

practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTCPL").

14. Plaintiff is a "consumer" as defined by § 2270.3 of the PaFCEUA.

15. Defendant is a "creditor" as defined by § 2270.3 of the PaFCEUA.

16. Defendant's conduct violated the PaFCEUA in multiple ways, including but not limited to:

   a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff;

   b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff;

   c) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer;

   d) Falsely representing the character, amount, or legal status of Plaintiff's debt;

   e) Using false, deceptive, or misleading representations or means in connection with collection of a debt;

17. As a result of the above violations of the PaFCEUA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to

Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT II: VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

18. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

19. Defendant's conduct as set forth above constitutes an unfair or deceptive practice within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, et seq.

20. Defendant's violation of the Pennsylvania Unfair Trade Practices and Consumer Protection law has caused Plaintiff to suffer the damage set forth hereinabove.

21. Plaintiff is entitled to triple damages and attorneys' fees as a result of Defendant's conduct, pursuant to 73 P.S. §201-9.2.

### COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff reincorporates by reference all of the preceding paragraphs.

23. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

    c) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

    d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10); and

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)).

24. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct

violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 17th day of October, 2011.

By: /s Cynthia Levin
**Cynthia Levin, Esq. (PA 27050)**
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumer.com**
**Attorney for Plaintiff**